```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| TORMU E. PRALL | : | CIVIL ACTION |
| v. | : | |
| COURT OF APPEALS, et al. | : | NO. 12-2813 |

FILED
MAY 3 1 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

MEMORANDUM

STENGEL, J.                                    MAY 3/, 2012

Tormu E. Prall, a prisoner of the State of New Jersey, filed this civil rights action against the "Court of appeals," the "Judicial Counsel," the United States, and Third Circuit Judges Marjorie O. Rendell, Thomas M. Hardiman, and Jane R. Roth. Currently before the Court is Prall's motion to proceed in forma pauperis. For the following reasons, the Court will deny the motion pursuant to 28 U.S.C. § 1915(g) without prejudice to Prall reinstating the case by paying the filing fee.

According to § 1915(g), a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied in forma pauperis status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). Prall has accumulated three "strikes" for purposes of 28 U.S.C. § 1915(g). See Prall v. Bocchini, 421 F. App'x 143, 144 (3d Cir. 2011) (per curiam) ("Prall is a New Jersey prisoner with 'three strikes' under the Prison Litigation

Reform Act ('PLRA')."). Accordingly, he may not proceed in forma pauperis unless he was in imminent danger of serious physical injury at the time he filed his complaint.

At its core, Prall's complaint is based on his dissatisfaction with the manner in which Judges Rendell, Hardiman, and Roth handled motions to proceed in forma pauperis that he filed in connection with an appeal and a related mandamus petition. A brief understanding of the case underlying those appellate proceedings is necessary to understand Prall's allegations in this case.[1] The bulk of Prall's 81-page complaint describes the claims he raised against various prison officials in an action he filed in the District of New Jersey, Prall v. Bocchini, D.N.J. Civ. A. No. 10-1228. In that action, Prall alleged, among other things, that he may not be prosecuted by the State of New Jersey because of his religious beliefs, that he was being threatened and tortured by correctional officers, and that he was being housed in a cell containing blood and feces.

The New Jersey District Court initially denied Prall leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). The Third Circuit reversed, concluding that Prall had sufficiently alleged that he was in imminent danger of serious physical injury at the time he filed his complaint, and remanded the case for further proceedings. Prall, 421 F. App'x at 144-45. In a September 23, 2011 Memorandum and Order, the District Court

---

[1] The Court has consulted the public dockets to better understand Prall's claims.

granted Prall leave to proceed in forma pauperis and dismissed several claims and defendants. However, certain claims were allowed to proceed, namely, Prall's claims concerning unconstitutional conditions of confinement, his excessive force claims, and his claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") provided that he file an amendment to name the appropriate defendant as to that claim. The District Court also denied Prall's motion for a preliminary injunction with respect to all of his claims other than those concerning his allegations of ongoing physical abuse.

Prall appealed that order to the Third Circuit even though many of his claims remained pending in the District Court. He also filed a petition for a writ of mandamus. A panel of three judges - Judges Rendell, Hardiman, and Roth - ruled that 28 U.S.C. § 1915(g) precluded Prall from proceeding in forma pauperis in either proceeding. The panel explained that Prall's claims concerning his allegations of assault and torture were pending in the District Court and, thus, "there [was] no nexus between the claims potentially at issue in [his appeal and mandamus petition] and [Prall's] claim of imminent danger." (Prall v. Bocchini, C.A. No. 11-3956 (Apr. 12, 2012 Order); In re Prall, C.A. No. 11-4011 (Mar. 19, 2012 Order).) Those rulings form the basis for Prall's claims in the instant lawsuit. According to Prall, the panel's refusal to allow him to proceed in forma pauperis somehow impinges on his religion.

This Court concludes that the allegations germane to Prall's

3

claims in this case do not establish that he was in imminent danger of serious physical injury at the time he filed his complaint. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) ("[T]here must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint."). Furthermore, to the extent that Prall's complaint can be read to suggest that the abuses in prison are still ongoing, those claims are being addressed by the court in New Jersey.

For the foregoing reasons, Prall's motion to proceed in forma pauperis is denied without prejudice to his reinstating this case by paying the filing fee. An appropriate order follows.